UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In Re:                                )
                                      )
GASTON COLE,                          )     Case No. 07-41602-659
                                      )     Chapter 13
                                      )
          Debtor.                     )

### O R D E R

The matter before the Court is Chapter 7 Trustee's Motion to Dismiss Chapter 13 Case, Brief Case Authorities Supporting Chapter 7 Trustee's Motion to Dismiss Chapter 13 Case and Memorandum in Opposition to Trustee's Motion to Dismiss. The facts are as follows:

Debtor filed a case under Chapter 7, Case No. 04-42834 on March 4, 2004. James S. Cole is the duly appointed Chapter 7 Trustee (hereinafter "Cole"). In the course of the Chapter 7 case, Cole obtained a judgment in Adversary No. 04-4180 (hereinafter "Adversary") filed against Debtor in the amount of $3,877.00 and revoking Debtor's discharge under 11 U.S.C. Section 727(d)(2). The basis of this judgment is Debtor's failure to turnover his 2003 tax refunds. Cole then agreed to stay execution of the judgment upon voluntary payments of $150.00 per month by Debtor. Debtor made some of the monthly payments, however Debtor still owes $1,801.00 on this judgment.

On March 16, 2007, Debtor filed this present Chapter 13 case. Debtor's Chapter 7 case is still pending. Cole filed the Motion to Dismiss Chapter 13 Case on March 20, 2007. The Motion was set for hearing on April 16, 2007. The parties were to file simultaneous briefs by April 23, 2007. The parties agreed to extend the time when briefs were due. On April 30, 2007 Trustee filed Brief Case Authorities Supporting Chapter 7 Trustee's Motion to Dismiss Chapter 13 Case and on May 1, 2007, Debtor filed Memorandum in Opposition to Trustee's Motion to Dismiss. The Court then took the matter as submitted.

Cole argues that Debtor's current Chapter 13 case was not filed in good faith, that Debtor cannot have two bankruptcy cases open at the same time and that Debtor filed the Chapter 13 case in an attempt to discharge the debt owed to the Chapter 7 Trustee.  Cole argues that Debtor's Chapter 13 Plan proposes to pay the debt owed to the Chapter 7 Trustee as a general unsecured debt to be paid two or more years from now, while attorney fees, secured creditors and priority debts are paid, thus this plan is proposed in bad faith, causing unreasonable delay that is prejudicial to Debtor's Chapter 7 creditors.  Cole also argues that the cases cited by Debtor are in the minority, most involve different debts in the latter case, but the debts in both of Debtor's cases are largely the same.  Additionally, the minority courts have focused on whether the previous case has remained open without fault of the debtor, however in the case before the Court, Debtor's previous Chapter 7 case has remained open because Debtor has not complied with Court Orders to turnover funds.

Debtor argues that he filed the Chapter 13 case to prevent a foreclosure sale and that his Chapter 13 Plan proposes to pay 100% of the unsecured creditors that were scheduled in his Chapter 7 case and any additional unsecured creditors, and that Cole is an unsecured creditor with no priority.  Debtor further argues that the Bankruptcy Code contains no actual prohibition against a debtor maintaining two simultaneous bankruptcy cases.  Therefore, Debtor wants the Motion to Dismiss denied.

The courts are divided on the issue of whether a debtor can have two simultaneous cases pending at the same time.  The majority of courts have held that there is a per se rule prohibiting a debtor from having two or more cases open at any time.  *In re Sidebottom*, 430 F.3d 893, 897 (7th Cir. 2005).  A minority of courts have avoided adopting an absolute ban on simultaneous filings and allowed the filing of a Chapter 13 case to deal with debts that survived a Chapter 7 discharge, only when the Chapter 7 discharge had been entered, although the Chapter 7 case has not been closed.  *Id.* at 898.  Courts that follow this view focus on the fact that the

2

Chapter 7 discharge has been entered and that the Chapter 7 case remains open for certain administrative acts to be performed, such as the filing of a trustee's final report. *In re Turner*, 207 B.R. 373 (2nd Cir. B.A.P.) (cites omitted). Even though the courts are divided on this issue

> there is universal agreement among them that where a debtor files for chapter 7 relief and then files for protection under chapter 13 before receiving a discharge in the original chapter 7 case, that the chapter 13 case is a nullity because the filing of simultaneous petitions is "contrary to the obvious contemplated function of the Bankruptcy Code to resolve a debtor's financial affairs by administration of a debtor's property as a single estate under a single chapter within the code."

*Id.* at 378 (*In re Kosenka*, 104 B.R. 40, 46 (Bankr. N.D. Ind. 1989) (quoting *Associates Fin'l Services Corp. v. Cowen* (*In re Cowen*), 29 B.R. 888, 894-95 (Bankr. S.D. Oh. 1983))).

This is not the situation in the case before the Court. Here, Debtor obtained a discharge in his Chapter 7 case on June 8, 2004, but this discharge was vacated on October 6, 2004 as part of the judgment entered in the Adversary filed against Debtor by Cole. Thus, the discharge is not entered and Debtor's Chapter 7 case is not currently open only for administrative purposes. Debtor's Chapter 7 case remains open due to Debtor's failure to pay the full amount of the judgment to Cole.

Cole also argues that Debtor's Chapter 13 case is not filed in good faith. In determining whether a Chapter 13 cases was filed in good faith, a court should consider:

> (a) the nondischargeability of the debt; (b) the time of the filing of the petition; (c) how the debt arose; (d) the debtor's motive for filing the petition; (e) how the debtor's actions affected creditor; (f) the debtor's treatment of creditors both before and after the petition was filed; and (g) whether the debtor has been forthcoming with the bankruptcy court and the creditors.

3

*In re Sidebottom*, 430 F.3d 893 (See *Matter of Love*, 957 F.2d 1350, 1357 (7th Cir. 1992)).

In this case, Debtor's action, or lack of action, has caused a delay in payment to his unsecured Chapter 7 creditors and the proposed Chapter 13 plan will further delay payment to Debtor's unsecured creditors while secured creditors and priority debts are paid. Both of Debtor's cases list many of the same creditors. Debtor's actions have had a negative effect on his unsecured creditors. In this case, Debtor does not even satisfy the minority rule that will allow two cases to be pending at one time, if the discharge has been entered in the Chapter 7 case. Furthermore, even if Debtor had obtained the discharge in the Chapter 7 case looking at the facts, there is a question of whether Debtor's Chapter 13 case was filed in good faith. Therefore,

**IT IS ORDERED THAT** Chapter 7 Trustee's Motion to Dismiss Chapter 13 Case is GRANTED.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: September 12, 2007
St. Louis, Missouri

Copies to:

All Creditors and Parties in Interest.